ASH

**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Victor O. Dema, <br> Petitioner, <br> v. <br> Jay Tibshraeny, <br> Respondent. | No. CV 20-00042-PHX-DGC (JZB) <br><br> **ORDER** |

Petitioner Victor O. Dema has filed a pro se Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. 1) and paid the filing fee. The Court will dismiss this action.

It is a jurisdictional requirement that "the habeas petitioner be 'in custody' under the conviction or sentence under attack at the time his petition is filed." *Maleng v. Cook*, 490 U.S. 488, 490-91 (1989) (citing 28 U.S.C. §§ 2241(c)(3) & 2254(a); *Carafas v. LaVallee*, 391 U.S. 234, 238 (1968)). "Custody" is not limited to actual physical incarceration. *See Jones v. Cunningham*, 371 U.S. 236, 239 (1963) (parolee is "in custody" within the meaning of the habeas statute). Nevertheless, one condition of being "in custody" is that the petitioner be subject to restraints not shared by the public generally. *Id.* at 243.

Petitioner identifies a 2017 San Marcos Justice Court case, but indicates only that he was "adjudged guilty" and had a fine, restitution, and anger management courses imposed as punishment. Such requirements do not subject Petitioner to restraints not

shared by the public generally. *See e.g. Williamson v. Gregoire*, 151 F.3d 1180, 1183-84 (9th Cir. 1998) (imposition of a fine and the suspension of a driver's license is "merely a collateral consequence of conviction," and does not place a petitioner "in custody" for purposes of habeas jurisdiction) (citing similar cases). And any future threats of arrests are entirely speculative and insufficient to place Petitioner in custody for purposes of federal habeas jurisdiction.[1]

Nor does it appear that Petitioner is in custody pursuant to any state other conviction or sentence. He provides a private address as his current residence.

Further, a petitioner for habeas corpus relief under § 2254 must name as a respondent the state officer having custody of him. *Belgarde v. State of Montana*, 123 F.3d 1210, 1212 (9th Cir. 1997) (citing *Stanley v. California Supreme Court*, 21 F.3d 359, 360 (9th Cir. 1994)). The failure to name the custodian deprives the Court of jurisdiction. *Belgarde*, 123 F.3d at 1212.

Petitioner has not named any state official currently holding him in custody. He names only "The Honorable Judge Jay Tibshraeny," who apparently presided over the justice court case.

**IT IS ORDERED:**

(1) Petitioner's Petition for Habeas Corpus (Doc. 1) and this case are **dismissed without prejudice** for lack of jurisdiction.

(2) The Clerk of Court must enter judgment accordingly and close this case.

(3) Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, in the event Petitioner files an appeal, the Court declines to issue a certificate of appealability

---

[1] Although Petitioner attaches a copy of a "Warrant for Arrest" issued by Respondent on June 26, 2019 (Doc. 1 at 40) — apparently because Petitioner has failed to pay his fine and restitution — he also attaches a "Bond Information" indicating that the warrant was quashed on September 24, 2019 (*Id.* at 43). Accordingly, it does not appear that any warrant for Petitioner's arrest is currently outstanding. Even if such a warrant was outstanding, however, a habeas petitioner who is a fugitive from the sentence he seeks to challenge does not satisfy the "in custody" requirement. *Gonzales v. Stover*, 575 F.2d 827, 827-28 (10th Cir. 1978) (per curiam) (citing *Molinaro v. New Jersey*, 396 U.S. 365 (1970)); *cf. Conforte v. Commissioner,* 692 F.2d 587, 589 (9th Cir. 1982).

because reasonable jurists would not find the Court's procedural ruling debatable. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Dated this 3rd day of February, 2020.

David G. Campbell
Senior United States District Judge