ASH

**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Victor O. Dema, | No. CV 20-00042-PHX-DGC (JZB) |
| Plaintiff, | |
| v. | **ORDER** |
| Jay Tibshraeny, | |
| Defendant. | |

Pending before the Court is a Motion for Reconsideration (Doc. 6).

**I.     Background**

On January 7, 2020, Petitioner Victor O. Dema filed a pro se Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. 1), and paid the filing fee. By Order dated February 3, 2020, the Court dismissed the Petition and this action for lack of jurisdiction. (Doc. 4). Judgment was entered the same day. (Doc. 5). Petitioner then filed this Motion for Reconsideration.

**II.    Governing Standard**

Motions for reconsideration should be granted only in rare circumstances. *Defenders of Wildlife v. Browner*, 909 F. Supp. 1342, 1351 (D. Ariz. 1995). A motion for reconsideration is appropriate where the district court "(1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *School Dist. No. 1J, Multnomah County v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993). Mere disagreement with a

previous order is an insufficient basis for reconsideration. *See Leong v. Hilton Hotels Corp.*, 689 F. Supp. 1572, 1573 (D. Haw. 1988). A motion for reconsideration "may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000). Nor may a motion for reconsideration repeat any argument previously made in support of or in opposition to a motion. *Motorola, Inc. v. J.B. Rodgers Mech. Contractors, Inc.*, 215 F.R.D. 581, 586 (D. Ariz. 2003).

**III. Analysis**

Petitioner argues that this Court incorrectly determined that he was not "in custody" for purposes of § 2254 when he filed the Petition. As noted in the Court's February 3 Order, Petitioner challenges a 2017 San Marcos Justice Court case in which he was "adjudged guilty" and had a fine, restitution, and anger management courses imposed as punishment. (*See* Doc. 1 at 31, 69). The Court determined that "[s]uch requirements do not subject Petitioner to restraints not shared by the public generally," and that "any future threats of arrest are entirely speculative and insufficient to place Petitioner in custody for purposes of federal habeas jurisdiction." (Doc. 4 at 2-3).

In his Motion, Petitioner correctly notes that the imposition of mandatory anger management classes is sufficient to render him "in custody" for purposes of § 2254 (Doc. 6 at 3-4, 8-11) (citing *Dow v. Circuit Court of First Circuit through Huddy*, 995 F.2d 922 (9th Cir. 1993). But Petitioner has failed to comply with that portion of his sentencing requirement for nearly three years. Indeed, the San Marcos Justice Court recently directed Petitioner to complete his anger management course by December 24, 2019. (*See* Doc. 1 at 25-26) (San Marcos Justice Court, case no. JC2016150707, Minute Entry dated September 24, 2019 directing Petitioner "to complete anger management classes by 12/24/19"); *see also* Doc. 1 at 22 ("Written Promise to Appear" for "Anger Management Treatment" by "12/24/19" signed by Petitioner). Petitioner apparently failed to do so.

As the Court noted in its February 3, 2020 Order, a habeas petitioner who is a fugitive from the sentence he seeks to challenge does not satisfy the "in custody"

requirement. *Gonzales v. Stover*, 575 F.2d 827, 827-28 (10th Cir. 1978) (per curiam) (citing *Molinaro v. New Jersey*, 396 U.S. 365 (1970)); *cf. Conforte v. Commissioner,* 692 F.2d 587, 589 (9th Cir. 1982) (a litigant cannot "invoke the processes of the law while [simultaneously] flouting them"; accordingly a fugitive from justice in a criminal case is not entitled to prosecute an appeal in a civil case). The rationale underlying these holdings is "grounded on considerations which favor voluntary surrender and discourage escape," and while a petitioner's "fugitive status does not necessarily strip a case of its character as a justiciable controversy, it does however disentitle a petitioner in absentia to call upon the resources of the Court for determination of his claims." *Gonzales*, 575 F.2d at 827-28 (citing *Molinaro*). As a result, while this Court may have had jurisdiction to consider Petitioner's claims up until December 24, 2019 — the date by which he was ordered to complete his anger management classes — Petitioner did not file his Petition until January 7, 2020, by which time he had effectively become a fugitive from the sentence he now challenges. Accordingly, Petitioner was not "in custody" for purposes of § 2254 at the time he filed his Petition, and his Motion for Reconsideration will be denied.[1]

**IT IS ORDERED** that the Motion for Reconsideration (Doc. 6) is **denied**. This case remains **closed**.

Dated this 21st day of February, 2020.

*David G. Campbell*
David G. Campbell
Senior United States District Judge

---

[1] Petitioner's further arguments that the fine and restitution he is subject to render him "in custody" are similarly insufficient. *See e.g. Williamson v. Gregoire*, 151 F.3d 1180, 1183-84 (9th Cir. 1998) (imposition of a fine and the suspension of a driver's license is "merely a collateral consequence of conviction," and does not place a petitioner "in custody" for purposes of habeas jurisdiction) (citing *Barnickel v. United States*, 113 F.3d 704, 706 (7th Cir. 1997) (restitution)).

- 3 -